**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SCHNEIDER'S DAIRY, INC.,** ) | |
| Plaintiff, ) | |
| ) | **2:13-cv-1325** |
| v ) | |
| ) | |
| **SERVICE PERSONNEL AND EMPLOYEES OF** ) | |
| **THE DAIRY INDUSTRY, TEAMSTERS** ) | |
| **LOCAL UNION NO. 205,** ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Pending before the Court is the MOTION OF SERVICE PERSONNEL AND

EMPLOYEES OF THE DAIRY INDUSTRY, LOCAL 205, TO DISMISS PLAINTIFF'S

COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FOR IMPROPER

VENUE AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE

GRANTED (ECF No. 5) filed by Defendant, Service Personnel and Employees of the Dairy

Industry, Teamsters Local Union No. 205 ("Union"). Schneider's Dairy, Inc. ("Schneider's") has

filed a brief in opposition (ECF No. 7). Accordingly, the motion is ripe for disposition.

### I.        Background

This is an action by an employer, Schneider's, under § 301(a) of the Labor Management

Relations Act of 1947, 29 U.S.C. § 185(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201.

Schneider's seeks a judicial declaration that, under the terms of its collective bargaining

agreement ("CBA") with the Union, it is not obliged to arbitrate a particular grievance filed by

the Union.

Schneider's is a family-owned and operated producer and distributor of dairy products,

with its principal place of business in Whitehall, Pa. ("Whitehall facility").  The Union is a local

chapter of the International Brotherhood of Teamsters based in White Oak, Pa.  Over the years,

1

Schneider's and the Union have been parties to a number of CBAs. The current version, which is attached to the Complaint as Exhibit A, became effective on May 1, 2011, and expires on April 30, 2014. By its terms, the CBA covers

> Schneider's Dairy, Inc., its successors and/or assigns, hereinafter referred to as the "Employer" or the "Company", and the Service Personnel and Employees of the Dairy Industry, Teamsters Local Union No. 205 of White Oak, Pennsylvania, affiliated with the International Brotherhood of Teamsters . . . .

Compl. Ex. A at 7 (ECF No. 1). Furthermore, it provides that **"*[a]ll disputes between the parties*** shall be settled in accordance with the grievance procedure" set forth in the CBA. *Id.* at 16 (emphasis added). The final step of the grievance procedure is binding arbitration. *Id.* at 17.

The grievance central to this case involves Schneider's iced tea production. In addition to milk and other dairy products, Schneider's processes and distributes fruit drinks, 100% juice, and iced tea in *cartons and plastic bottles* at and from its Whitehall facility. However, according to the Complaint, Schneider's has never sold, packaged, processed, or delivered *canned* iced tea at the Whitehall facility or any of its other facilities. On December 13, 2012, five Schneider family members created a separate corporation, Burgh Beverages, for the purpose of producing and distributing canned iced tea. Burgh Beverages hired a sub-contractor to produce and package the canned iced tea, but it stores and distributes the product itself. Neither Burgh Beverages nor the third party co-packer is a signatory to the CBA.

On May 8, 2013, the Union filed the grievance at issue, alleging

> [i]t has come to our attention that Schneider Dairy is in violation specifically, but not limited to, Article No. II - Labor Management Cooperation, Section 6, subcategory C. The Employer violated the Agreement by having product (iced tea) packed and delivered by another processing company without the involvement of Union members. We request that said processing cease and desist immediately and all bargaining unit employees be made whole for any lost wages, benefits, etc.

The grievance does not mention Burgh Beverages or the third-party co-packer, but the Union

informed Schneider's that the grievance is intended to stop Burgh Beverages and the co-packer from processing and delivering canned iced tea without employing Union members. In essence, the Union contends that Schneider's and Burgh Beverages are alter egos, with Burgh Beverages having been established merely to evade the CBA requirements. After Schneider's denied the grievance, the Union advised Schneider's of its intent to submit the dispute to arbitration in accordance with the CBA.

On September 11, 2013, Schneider's initiated this action with the filing of a Complaint against the Union. In its Complaint, Schneider's urges the Court to declare that the grievance is not arbitrable because Burgh Beverages and its co-packer are not parties to the CBA and thus "(a) [the grievance] does not plausibly allege any violations of the CBA; (b) Schneider's Dairy cannot grant the relief the Union requests; and (c) the parties that can grant the relief the Union seeks are not obligated to arbitrate the Grievance." Compl. ¶ 28. On October 5, 2013, the Union responded by filing the instant motion to dismiss.

## II. Discussion

The Union asserts three independent grounds for dismissal: lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), improper venue under Fed. R. Civ. P. 12(b)(3), and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] In practical effect, however, the Union's

---

1. The Union has not cited any authority in support of its motion (aside from the applicable Federal Rules) or otherwise developed its argument in any meaningful way. The Union is admonished that it is not the Court's job "to research and construct legal arguments open to parties, especially when they are represented by counsel. In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate . . . ." *330 West Hubbard Rest. Corp. v. U.S.*, 203 F.3d 990, 997 (7th Cir. 2000) (citation and quotation marks omitted). District courts in this Circuit have held that a failure to advance anything more than a perfunctory argument constitutes a waiver of the argument. *See, e.g.*, *Wingard v. Penn. State Police*, No. 12–1500, 2013 WL 3551109, at *7 (W.D. Pa. July 11, 2013). Rather than taking that step, however, the Court will address that which the Court understands to be the Union's contentions.

argument is primarily directed at this Court's subject matter jurisdiction (or purported lack thereof). Specifically, the Union contends that because the CBA requires "[a]ll disputes between the parties [to] be settled in accordance with the grievance procedure," it also requires the parties to submit the question of the substantive arbitrability of the grievance – i.e., whether the parties agreed to arbitrate it – to an arbitrator for determination.

The Union's argument is without merit. As Schneider's correctly argues, it is well settled that "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Techs., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The Court cannot determine from the face of the CBA whether the parties have "clearly and unmistakably" agreed to submit the question of arbitrability to an arbitrator. Thus, contrary to the Union's argument, this Court clearly has jurisdiction over this action "under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185." *Lukens Steel Co. v. United Steelworkers of America (AFL-CIO)*, 989 F.2d 668, 671 (3d Cir. 1993). The Court notes that inasmuch as it has the authority to decide whether the grievance falls within the scope of the CBA, venue is also proper because this Court has personal jurisdiction over both of the parties. *See* 29 U.S.C. § 185(a) (providing that suits under § 185 "may be brought in any district court of the United States having jurisdiction over the parties . . . ."). Therefore, the Union's motion to dismiss will be **DENIED**.

The denial of the Union's motion does not end the analysis, however. In responding to the Union's motion, Schneider's has made its position with respect to the non-arbitrability of the grievance clear. Specifically, it argues that the Union is seeking to impermissibly bind Burgh Beverages to the CBA, and thus, because the Union's grievance is directed at a non-signatory, it does not plausibly allege a violation of the CBA. Schneider's further argues that only this Court

can decide whether Schneider's and Burgh Beverages are alter egos for the purposes of the agreement, relying chiefly on *Laborers' International Union of North America v. Foster Wheeler Corp.*, 868 F.2d 573, 577 (3d Cir. 1989) for this proposition.

Although it would be premature at this stage to rule on the arbitrability issue – the ultimate issue in this case – the Court has several problems with Schneider's argument with respect to the arbitrability of the grievance. The Court will, therefore, briefly address that issue.

There is a "strong federal policy in favor of resolving labor disputes through arbitration." *Rite Aid of Pennsylvania, Inc. v. United Food & Comm'l Workers Union, Local 1776*, 595 F.3d 128, 131 (3d Cir. 2010) (citations omitted). When a CBA contains a broad arbitration clause, a presumption of arbitrability arises, which can be rebutted only if the CBA specifically excludes a dispute from arbitration or there is other "forceful evidence" that indicates the parties intended to keep the dispute from arbitration. *Id.* at 131-32. Furthermore, all doubts regarding the arbitrability of a dispute between the parties must be resolved in favor of arbitration. *Marshall Elevator Co., Inc. v. Int'l Union of Elevator Contractors*, No. 10-1715, 2011 WL 222508, at *3 (W.D. Pa. Jan. 21, 2011) (citation omitted).

In this case, the CBA's arbitration clause is broad, requiring that "[a]ll disputes between the parties" be settled through the grievance-arbitration procedure. The CBA only contains one express exclusion: "This provision shall not apply in cases of technological changes, new equipment, or other manufacturing changes." Compl. Ex. A (ECF No. 1). Despite the existence of a broad arbitration clause and the absence of a specific provision excluding the dispute here, Schneider's argues that "the fact that the Union's grievance is directed at conduct by a third party, Burgh Beverages, is forceful evidence that the dispute is not arbitrable." Pl.'s Br. in Opp. 4 (ECF No. 7).

The Court is not persuaded by this argument. First, Schneider's mischaracterizes the nature of the parties' dispute. The grievance is not directed at Burgh Beverages. It does not seek to compel arbitration with Burgh Beverages. As the Union clarifies in its motion, the Union's real contention is that Schneider's violated the CBA by creating Burgh Beverages as a means to circumvent its obligations under the agreement. If proven, such conduct could be found to violate the CBA, specifically, but not limited to, Art. II, Section 6D ("Any device or arrangement to circumvent, avoid, or defeat the provisions of this Article shall be void").[2] "The fact that the dispute touches upon parties who did not sign the Agreement does not detract from the court's power to compel the Employer to submit its dispute with the Union to arbitration." *Shopmen's Local Union No. 790 of Bridge, Structural & Ornamental Iron Workers, AFL-CIO v. Bestrom-Bergen Metal Prods.*, No. C-80-2334SC, 1980 WL 2109, at *3 (N.D. Cal. Aug. 29, 1980).

Along those same lines, Schneider's is wrong to assert that only this Court can decide the alter ego issue. The case on which Schneider's relies for this point, *Laborers' International*, has no application in this case. In *Laborers' International*, the Third Circuit Court of Appeals held that a non-signatory to a CBA, with which the plaintiff-union sought to compel arbitration, could not be bound to the CBA unless and until a district court had decided the alter ego issue.

---

2.    Schneider's relies on *Rite Aid of Pennsylvania, Inc. v. United Food & Comm'l Workers Union, Local 1776*, 595 F.3d 128 (3d Cir. 2010) in support of its argument that the Union's grievance is not "plausibly" derived from the CBA. According to Schneider's, the court in *Rite Aid* "held that to be arbitrable the underlying claim must be based on an argument that can be plausibly derived from the collective bargaining agreement." Pl.'s Br. in Opp. 8 (citing *Rite Aid*, 595 F.3d at 135). This formulation overstates the court's holding and rationale. The arbitration clause at issue in *Rite Aid* "limit[ed] arbitration to those disputes which require interpretation of the agreement" and, in view of that limitation, the Court of Appeals said that "a grievance is excluded unless it arises from a specific provision in the agreement." *Rite Aid*, 595 F.3d at 133. In this case, however, the CBA contains no such limitation: "All disputes between the parties" are subject to the grievance-arbitration procedure. Thus, *Rite Aid* is only of limited persuasive value, and the Union need not pinpoint precisely which provision the grievance implicates.

However, the Court of Appeals has since clarified that "[a]lthough *Laborers' International* might be read broadly to require that the district court make any alter ego determination pertaining to the scope of a collective bargaining agreement . . . the case is directed to situations in which a union seeks to bind a non-signatory to a collective bargaining agreement on the basis that the non-signatory is the alter ego of a signatory." *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers*, 944 F.2d 1047, 1058 n.12 (3d Cir. 1991). By contrast, *Laborers' International* does not "prohibit arbitration of alter ego issues in cases, such as this one, in which a union alleges that a signatory to a collective bargaining agreement breached that agreement by setting up a nonunionized sister corporation to avoid collective bargaining responsibility." *Id.* "In the absence of an express exclusion or very definite evidence that the parties intended to remove alter ego issues from arbitration," it is within an arbitrator's authority to make such a decision. *Id.* at 1058-59. Other courts have consistently recognized this same principle. *See, e.g.*, *United Food & Comm'l Workers Union, Local 588 v. Morgan's Holiday Mkts., Inc.*, 202 F.3d 280, 280 (9th Cir. 1999); *Bricklayers, Masons & Plasterers Int'l Union v. Boyd G. Heminger, Inc.*, 483 F.2d 129, 130-32 (6th Cir. 1973); *Marshall Elevator Co.*, 2011 WL 222508, at *3 (W.D. Pa. Jan. 21, 2011); *R.G. Zachrich Const., Inc. v. Local 1581, Ohio & Vicinity Reg. Council* of Carpenters, No. 07-3251, 2008 WL 4159848, at *3 (N.D. Ohio Aug. 27, 2008); *Bedroc Contracting, L.L.C. v. Mason Tenders Dist. Council of Greater New York and Long Island*, No. 06-6399(RMB), 2006 WL 3057311, at *2-3 (S.D.N.Y. Oct. 25, 2006); *Shopmen's Local*, 1980 WL 2109, at *3.

This case is thus in an odd procedural posture. On the one hand, the Union's threadbare attack of the Complaint lacks merit because the Court has jurisdiction to determine whether the underlying grievance is arbitrable. On the other hand, the Court is of the opinion that the

grievance does appear to be arbitrable. Rather than dismiss the Complaint at this early stage, without the parties having fully briefed the arbitrability issue, the Court will allow the case to proceed. The Union will be directed to file an Answer (and, if it so chooses, a counterclaim seeking to compel arbitration) within 14 days of the date on which this Memorandum Opinion and the accompanying Order is issue. Thereafter, the parties are invited and encouraged to file motions for judgment on the pleading or for summary judgment, if there is a need for some factual development (which seems unlikely). Any such motion should address whether the CBA excludes alter ego issues from consideration by an arbitrator, taking into account *Eichleay* and related authority.[3]

### III.    Conclusion

In accordance with the foregoing, the Union's motion to dismiss will be **DENIED**. An appropriate Order follows.

McVerry, J.

---

[3]    Of course, the parties are not limited to discussing the authorities cited by the Court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SCHNEIDER'S DAIRY, INC.,** ) | |
| Plaintiff, ) | |
| ) | **2:13-cv-1325** |
| v ) | |
| ) | |
| **SERVICE PERSONNEL AND EMPLOYEES OF** ) | |
| **THE DAIRY INDUSTRY, TEAMSTERS** ) | |
| **LOCAL UNION NO. 205,** ) | |
| Defendant. ) | |

**ORDER OF COURT**

AND NOW, this 10th day of December, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the MOTION OF SERVICE PERSONNEL AND EMPLOYEES OF THE DAIRY INDUSTRY, LOCAL 205, TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FOR IMPROPER VENUE AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (ECF No. 5) is **DENIED**. The Union shall file an Answer **on or before December 24, 2013 (14 days)**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Brian D. Balonick, Esquire**
    Email: brian.balonick@bipc.com
    **R. Anthony DeLuca, Esquire**
    Email: anthony@delucalegal.com